```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTOPHER REYNART,

                        Petitioner,
                                              MEMORANDUM & ORDER
        -against-                             11-CV-0748(JS)

WILLIAM A. LEE, Superintendent,

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Christopher Reynart, pro se
                    06-A-1538
                    Green Haven Correctional Facility
                    P.O. Box 4000
                    Stormville, NY 12582

For Respondent:     Edward A. Bannan, Esq.
                    Suffolk County District Attorney's Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901
```

SEYBERT, District Judge:

Presently pending before the Court are pro se Petitioner Christopher Reynart's motions for discovery. (Docket Entries 11-12.) For the following reasons, Petitioner's motions are DENIED.

## BACKGROUND

On February 10, 2006, a jury convicted Petitioner of Murder in the First Degree, Murder in the Second Degree, and Aggravated Criminal Contempt in connection with the deaths of his wife Karina Villegas and mother-in-law Azucena Villegas. He

was sentenced to an aggregate term of life in prison without the possibility of parole.

On February 9, 2011, Petitioner filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 seeking "[a] reversal of conviction and order of a new trial," (Pet. at 15) and raising ten separate grounds for relief. On April 14, 2011, Petitioner filed a letter providing the Court with further support for his Petition. (Docket Entry 6.) On May 16, 2011, Respondent filed his answer to the Petitioner, and on June 8, 2011, Petitioner filed his reply.

On September 1, 2011, Petitioner filed a letter requesting copies of all exhibits that were accepted into evidence during trial. (Docket Entry 11.) On December 1, 2011, Petitioner filed a substantially similar request. (Docket Entry 12.) These requests are currently pending before the Court.[1]

## DISCUSSION

"A habeas petitioner, unlike the usual civil litigant in federal courts, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). "Rather, discovery is

---

[1] These requests also provide the Court with additional arguments/grounds in support of the Petition. In addition, Plaintiff has since filed two more letters providing law and argument in support of his Petition. (Docket Entries 13-14.) On February 16, 2012, the Court issued an order informing Petitioner that such unauthorized supplemental filings will not be considered by the Court.

allowed only if the district court, acting in its discretion, finds 'good cause' to allow it." Ferranti v. United States, No. 10-PR-0672, 2012 WL 1701524, at *3 (2d Cir. May 16, 2012) (citing Bracy, 520 U.S. at 904). The "good cause" standard is satisfied "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (alteration in original) (internal quotation marks and citation omitted). "The district court enjoys 'broad discretion' to determine whether discovery is warranted in a habeas proceeding, and its decision will be overturned only if it abused its discretion." Ferranti, 2012 WL 1701524, at *3 (citing Nieblas v. Smith, 204 F.3d 29, 31 (2d Cir. 1999)).

Here, Petitioner seeks copies of "all exhibits that were accepted in evidence during trial," including specifically People's Exhibit 76 and People's Exhibits 112 and 113 which "were never seen by Petitioner at the 'defense' table." (Pl. Ltr., Docket Entry 11.)[2] However, his Petition has already been fully briefed and submitted, so it is unclear what, if anything, Petitioner plans to do with this new evidence. Accordingly,

---

[2] These are documents that the Government produced to Petitioner's defense counsel in connection with his criminal trial. It is unclear whether Petitioner has attempted to obtain copies of such documents from his former counsel.

3

Petitioner's requests are DENIED. See Corines v. Superintendent, Otisville Corr. Facility, No. 05-CV-2056, 2008 WL 4831729 (E.D.N.Y. Nov. 6, 2008). If, upon reviewing the merits of the Petition, the Court determines that a hearing or additional written submissions are needed, Petitioner may then identify the particular exhibits that are relevant to the Court's inquiry. Petitioner is warned, however, that no additional submissions will be accepted without prior judicial approval.

## CONCLUSION

For the foregoing reasons, Petitioner's motions for discovery (Docket Entries 11-12) are DENIED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  17 , 2012
       Central Islip, NY